

FILED

AUG - 7 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE No. 12MJ8793 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| Adriana BONILLA, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held July 25, 2012, to determine whether Defendant, Adriana BONILLA, should be held in custody pending trial on the grounds that she is a flight risk. Assistant U.S. Attorney Karla Davis appeared on behalf of the United States. Kendra Martinez of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services officer, and the criminal complaint issued against the Defendant on July 23, 2012, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

I

FINDINGS OF FACT

A.   Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(G)(1):

1.   The Defendant is charged in Criminal Complaint No. 12MJ8793 with the importation of 27.39 kilograms (60.25 pounds) of heroin in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.   The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3.   The offense carries with it a minimum mandatory 10-year sentence and a maximum term of life. See, 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 36. See, USSG § 2D1.1(2). Assuming Defendant's criminal history score places her in Criminal History Category I, see, USSG § 4A1.1, the sentencing range for Defendant is 188-235 months in prison.

B.   Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1.   On July 22, 2012, Defendant applied for entry into the United States by presenting a United States passport card, at the Calexico California West Port of Entry. Defendant was the driver, sole occupant, and registered owner of a 2010 Mazda 3. During pre-primary operations, Customs and Border Protection Officer (CBP) Canine

2

1   Enforcement Officer (CEO) J. Jones's assigned Human/Narcotic Detector
2   Dog alerted to the seats of the vehicle. Defendant claimed she had
3   owned the vehicle for about one week and had purchased it from "some
4   guy" in San Bernardino. Defendant stated she was on her way to work
5   at the Family Style Buffet in Calexico. CBPO O. Soto received a
6   negative Customs declaration from Defendant. Defendant and the vehicle
7   were referred to secondary inspection for further examination. In
8   vehicle secondary, further inspection revealed a total of 30 packages
9   all concealed within the seats and backrests of the vehicle. The total
10  weight of the 30 packages was 26.74 kilograms (58.95 pounds) of
11  heroin. Defendant stated she was to be paid $10,000.00 USD to smuggle
12  the drugs across the border. Defendant stated she knew the vehicle
13  contained contraband, but did not know what type. Defendant stated she
14  was aware that smuggling drugs through the port of entry was a crime.
15  On July 24, 2012, CBPO M. Moreno discovered two additional packages
16  inside the center of the rear seat backrest of the vehicle. The two
17  packages contained .65 kilograms (1.43 pound) of heroin. A total of
18  32 packages were discovered with a total weight of 27.39 kilograms
19  (60.25 pounds) of heroin.

20      C.   History and Characteristics of the Defendant (18 U.S.C.
21           § 3142(G)(3):
22           1.   Defendant is a United States citizen.
23           2.   Defendant has two children.
24           3.   Defendant resides in Mexicali, Mexico.
25           4.   Defendant is employed at the Family Style Buffet.
26      D.   Nature and Seriousness of Danger Posed by Release 18 U.S.C.
27           § 3142(g)(4):
28           1.   The government proffered no evidence to suggest that

3

1 release of the Defendant would pose a danger to any person or the
2 community. Defendant has no criminal history.

3                                    II

4                      REASONS FOR DETENTION

5      A.    There is probable cause to believe Defendant committed the
6 offense charged in Criminal Complaint Number 12MJ8793, to wit: the
7 importation of 27.39 kilograms (60.25 pounds) of heroin in violation
8 of 21 U.S.C. §§ 952 and 960.

9      B.    Defendant faces a substantial period of time in custody if
10 convicted of the offense charged in the Complaint.  Therefore she has
11 a strong motive to flee.

12     C.    Defendant has not rebutted the presumption, based upon the
13 Court's  findings,  there  is  probable  cause  to  believe  Defendant
14 committed an offense for which a maximum term of imprisonment of 10
15 years  or  more  as  prescribed  in  the  Controlled  Substances  Act  (21
16 U.S.C.  §  801,  et  seq.),  and  that  no  condition  or  combination  of
17 conditions  will  reasonably  assure  the  appearance  of  Defendant  at
18 future court proceedings.

19                                   III

20                                  ORDER

21     IT IS HEREBY ORDERED that the Defendant be detained pending trial
22 in this matter.

23     IT  IS  FURTHER  ORDERED  that  the  Defendant  be  committed  to  the
24 custody of the Attorney General or his designated representative for
25 confinement  in  a  corrections  facility  separate,  to  the  extent
26 practicable, from persons awaiting or serving sentences or being held
27 in custody pending appeal.  The Defendant shall be afforded reasonable
28 opportunity for private consultation with counsel.

1   While in custody, upon order of a court of the United States or
2   upon the request of an attorney for the United States, the person in
3   charge of the correctional facility shall deliver the Defendant to the
4   United States Marshal for the purpose of an appearance in connection
5   with a court proceeding or any other appearance stipulated to by
6   defense and government counsel.

7   THIS ORDER IS ENTERED WITHOUT PREJUDICE.

8   IT IS SO ORDERED.

9   DATED:   8-7-2012.

10

11   _____
      HON. PETER C. LEWIS
12   UNITED STATES MAGISTRATE JUDGE

13   Prepared by:

14   LAURA E. DUFFY
      United States Attorney
15

16   _____
17   KARLA DAVIS
      Assistant U. S. Attorney
18
      cc:  Kendra Martinez
19         Federal Defenders of San Diego, Inc.

20

21

22

23

24

25

26

27

28